## HEDRICK v. CANADIAN PAC. RY. CO.

### No. 48.

District Court, S. D. Ohio, W. D.

June 19, 1939.

Maurice H. Koodish, of Cincinnati, Ohio, and Claycombe & Stump, of Indianapolis, Ind., for plaintiff.

Waite, Schindel & Bayless, Herbert Shaffer, and Philip J. Schneider, all of Cincinnati, Ohio, for defendant.

NEVIN, District Judge.

On February 14, 1939, plaintiff filed a complaint for damages for personal injuries. On March 4, 1939, defendant, without entering its appearance and appearing solely for the purpose of the motion, filed a motion praying the court "to dismiss this action or in lieu thereof to quash the return of service of summons herein on the ground that the defendant is a corporation organized under the Statutes of the Dominion of Canada and was not and is not subject to service of process within the Southern District of Ohio, and this Court has no jurisdiction over the person of the defendant."

Accompanying the motion is an affidavit in support thereof signed by Angus D. MacDonald, the party upon whom the return shows the service was made by the United States Marshal. The affidavit sets forth in detail the connection which the said MacDonald has with the defendant company. In support of the motion counsel for defendant company cite and rely upon Maxfield v. Canadian Pacific Railway Company et al., 8 Cir., 70 F.2d 982, certiorari denied 293 U.S. 610, 55 S.Ct. 140, 79 L.Ed. 700, rehearing denied 293 U.S. 632, 55 S.Ct. 212, 79 L.Ed. 717.

The facts as disclosed by the affidavit of Mr. MacDonald in the instant case show that his relationship to the defendant company herein and his powers and duties are identical with those of H. M. Tait, who is the party upon whom service was made in the Maxfield case just referred to.

In the Maxfield case the Court of Appeals (C.C.A. 8), affirming the lower court, held that the order of the district court setting aside the service of summons and dismissing the action was a proper order. In the Maxfield case, 70 F.2d at page 985,

258

the court say "we are satisfied that the court below reached the correct conclusion in holding that neither of the appellees was present in the state of Minnesota".

In their brief counsel for plaintiff say the Maxfield case "is an authority in Minnesota" but they submit it should not be controlling or persuasive here because (as plaintiff asserts) this court is bound, under the decision in Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, to follow the law of Ohio as set out in the decisions of the courts of Ohio, and plaintiff submits that the law of Ohio is laid down in the following two cases: Price & Co. v. Davis, Agt., 22 Ohio App. 388, 153 N.E. 529, and American Laundry Machinery Co. v. Chicago, B. & Q. R. Co., 39 Ohio App. 430, 177 N.E. 533,—both decisions by the Court of Appeals of Hamilton County, Ohio.

The court is of opinion that, as claimed by defendant company, the rule laid down in Erie Railroad Company v. Tompkins, supra, does not apply here. The jurisdiction of the federal courts is a matter exclusively controlled by Act of Congress. The question here involved is a jurisdictional question in a case instituted in this court. All jurisdictional questions are questions for the federal courts alone. Mechanical Appliance Co. v. Castleman, 215 U.S. 437, 443, 30 S.Ct. 125, 54 L.Ed. 272; McNeal-Edwards Co. v. Frank L. Young Co., 1 Cir., 42 F.2d 362, 367. In addition to this, as pointed out by defendant, neither of the decisions upon which plaintiff relies is a decision by the "highest court" in the State of Ohio.

In the Maxfield case a number of authorities are cited and considered. It seems to express the views generally held by the federal courts.

The court is of opinion that defendant is not doing business in the State of Ohio in such manner as to make it subject to service of process. In that sense it was not present in the State of Ohio and not "found" to be in this district. In view of this Rule 4(d) (7) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, cited by plaintiff, has no application here. The court finds that the motion is well taken. An order may be drawn quashing the return of service and dismissing the action.