87 F.Supp. 974 (1949)
DOYLE
v.
SOUTHERN PAC. CO.
No. 6433.
United States District Court E. D. Missouri, E. D.
April 21, 1949.
*975 Fred J. L. Schuler and Leahy & Leahy, all of St. Louis, Mo., for plaintiff.
Carter, Bull & McNulty, and David A. McMullan, all of St. Louis, Mo., for defendant.
HULEN, District Judge.
Defendant is a Delaware corporation. The complaint is silent as to residence of plaintiff. The removal petition alleges his residence as "Missouri". Plaintiff sues for damages for personal injuries alleged to have been inflicted while he was a passenger on defendant's train between Portland, Oregon, and Los Angeles, California in August, 1944. Summons was served on "A. Swann, General Agent of the said defendant corporation, he being in said defendant's usual business office and in charge thereof". Defendant moves to quash the service on the ground that it was not doing business in the State of Missouri so as to authorize service under the Missouri statute. Mo.R.S.A. § 847.27.
The facts are not in dispute. A. K. Swann is General Agent of the defendant railroad in St. Louis, where an office is maintained for solicitation of freight and passenger business. Defendant has no tracks in the State of Missouri and operates no cars or engines in Missouri, has never been admitted to do business in Missouri or consented to be sued in Missouri. Defendant has a bank account in St. Louis but no one in Missouri has authority to check on the account. Swann makes deposits in the account in varying amounts, usually small. These deposits flow from payments of freight charges and sale of passenger tickets. Defendant does not regularly collect freight charges. There are ten or eleven employees under Swann. His office traces shipments and informs parties whose shipments are en route where the car is. Tracing in some form is done daily. No claim adjustments are made through the office in St. Louis.
Whether defendant is doing business in Missouri sufficient to form a basis for service under the Missouri statute depends upon the decisions of the Missouri courts as to what constitutes "doing business" under the Missouri statute.[*] The general rule is that where a law question calls for construction of a statute of a State the Federal courts follow the decisions of the State court. Here the validity of the service depends upon the construction of a Missouri statute in the first instance, and the Missouri rulings should be followed.
In the case of State ex rel. Ferrocarriles Nacionales De Mexico v. Rutledge, 331 Mo. 1015, 56 S.W.2d 28, 38; certiorari denied 289 U.S. 746, 53 S.Ct. 689, 77 L.Ed. 1492, on facts very similar to the one under discussion, it was held the defendant foreign corporation was not subject to service in Missouri:
*976 "* * * to constitute `doing business' the foreign corporation must have entered the state and engaged there in carrying on and transacting, through its agents, the ordinary business in which it is engaged, and the cases run with much unanimity to the effect that a foreign railroad corporation which has no tracks or railroad property within the state and operates none of its ordinary railroad business there is not doing business in the state in the sense that liability `to personal service is incurred' because it maintains an office and employs agents there to advertise its business and `solicit and procure passengers and freight to be transported over' its lines without the state."
In a later case, State ex rel. Nashville, C. & St. L. Ry. Co. v. Hall, 337 Mo. 1229, 88 S.W.2d 342, the Rutledge opinion is approved. The opinion in the Rutledge case is based on the opinion of the Supreme Court in Green v. Chicago, B. & Q. R. Co., 205 U.S. 530, 27 S.Ct. 595, 596, 51 L.Ed. 916. In the Green case the railroad not only solicited passenger and freight business but the agent also received money for passenger tickets and procured them for the passengers, sold tickets over its line to railroad employees, and in some cases issued bills of lading. The Supreme Court held under these facts that although the plaintiff was a citizen of the district where the case was brought, the record did not present a foundation "to bring the defendant within the district so that process can be served upon [him]."
Plaintiff relies principally on the case of International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A. L.R. 1057. In the view we take of the case, that decision is not controlling. The Supreme Court held only that the occurrence of certain activities within a State justified the State in assuming jurisdiction of a foreign corporation. The holding was that a State could go as far as the State of Washington had gone in extending its (the State's) definition of what constituted "doing business". The decision does not hold that a State must extend its powers over a foreign corporation to any determinative extent. The courts of the State of Washington had held that the doing of certain acts constituted "doing business", rendering the foreign corporation amenable to suit there. In affirming the decision of the State court the Supreme Court was not attempting and did not formulate a test of "doing business" to be followed by all States, but held only that the State of Washington could constitutionally assume jurisdiction over a foreign corporation having "certain minimum" operations within the State. No State is required to use the same yardstick.
Plaintiff also emphasizes the opinion of Justice Rutledge in Frene v. Louisville Cement Co., 77 U.S.App.D.C. 129, 134 F.2d 511, 146 A.L.R. 926. The cases by the Missouri courts give no indication of adopting the liberal rule set forth in the Frene case. While Justice Rutledge, as Judge of the Court of Appeals for the District of Columbia, laid down a liberal rule, he did so unhampered by the decisions of any State court.
In passing on the sufficiency of activities to constitute "doing business" the first question is whether the service is valid under the State decisions. If not, service cannot be sustained. If the service is valid under the State decisions then the second question arises, i. e., whether the service on the foreign corporation, as authorized by the State decision, is valid under the Federal Constitution. This simply means, how far can the State go in extending its jurisdiction over a foreign corporation,  has it gone too far? The International Shoe Co. case only becomes important on the second proposition. See Bomze v. Nardis Sportswear, supra.
Convenience to the plaintiff is not here involved. Residence is not given in the petition. The facts surrounding the alleged injuries occurred on the West Coast. Since Congress has emphasized the doctrine of forum non conveniens by writing it into the statutory law governing Federal courts, 28 U.S.C.A. § 1404(a), it is probable that this case ultimately will be tried closer to where the cause of action arose.
Each case must stand on its own facts. The question presented is not free *977 from doubt  it is close. Considering the entire record, including the pleadings, we have grave doubts of the sufficiency of the service on the basis defendant was "doing business" in Missouri, as that circumstance is viewed by the highest court of that State.

Order
Motion of the defendant to quash the service of summons for the reason that defendant is not doing business in the State of Missouri so as to authorize service of summons upon its agent in the City of St. Louis, is sustained.
NOTES
[*] Kansas City Structural Steel Co. v. Arkansas, 269 U.S. 148, 46 S.Ct. 59, 70 L.Ed. 204; Bomze v. Nardis Sportswear, 2 Cir., 165 F.2d 33, 35; Kelley v. Delaware, L. & W. R. Co., 1 Cir., 170 F.2d 195; Pulson v. American Rolling Mill Co., 1 Cir., 170 F.2d 193; Roark v. American Distilling Co., 8 Cir., 97 F.2d 297.