**WHALEN CONSTRUCTION AND EQUIPMENT COMPANY, INC.,**
Plaintiff-Respondent,

v.

**GRANDVIEW BANK AND TRUST COMPANY and Robert B. Riss, as Executors of the Estate of Richard R. Riss, Sr., Robert B. Riss and Louise Wells, Individually, and Robert B. Riss and Grandview Bank and Trust Company, as Trustees under the Will of Richard R. Riss, Sr., Defendants-Appellants.**

Nos. 10531, 10543.

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 20, 1979.

Thomas E. Ruzicka, Olathe, Kan., John W. Fink, Joplin, for plaintiff-respondent.

Robert C. Barry, Kansas City, for defendants-appellants.

BILLINGS, Judge.

Suit in quantum meruit and for mechanic's lien for improvements to land. Counterclaim for breach of contract. Trial was to the court and plaintiff was awarded

damages and a lien. Judgment was entered against defendant[1] on his counterclaim. Both parties appealed. We reverse the judgment entered on plaintiff's petition and affirm as to the counterclaim.

Plaintiff is a Kansas corporation, solely owned by Earl Whalen, with its principal place of business at Shawnee, Kansas. The corporation engages in various types of construction work, including the building of lakes and dams. Defendant, a Missouri resident, owned several ranches in southwest Missouri in Dade and Barry counties.

Plaintiff's president, Whalen, learned defendant was interested in having dams constructed on his ranches and contacted defendant. Thereafter, Whalen met with defendant at the latter's Dade County ranch. This meeting resulted in an agreement for plaintiff to perform dam work for defendant, certain terms and conditions having been agreed upon. The trial testimony was in conflict as to what agreement was actually reached between the parties and it appears that they contemplated the execution of a written agreement embodying the terms and conditions. Shortly after the oral agreement was made, plaintiff moved equipment to the Dade County dam site and sent a crew of men to commence work. After some work had been performed, but before completion of the dam, Whalen and defendant became engaged in a verbal war as to what they agreed to initially and as a result plaintiff stopped work and removed his crew and equipment from defendant's premises. This suit followed.

By an unavailing motion to dismiss plaintiff's claim and as an affirmative defense, defendant challenged plaintiff's standing to maintain its suit, contending that plaintiff's noncompliance with Missouri statutes [§ 351.570–351.650, RSMo 1969 & Supp. 1975] governing foreign corporations doing business in this state was expressly penalized by § 351.635. The pertinent part of that statute provides: "[N]o foreign corporation, failing to comply with this chapter, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with."

In his appeal, defendant continues to advance the foregoing contention. On the other hand, plaintiff completely ignores the issue even though at trial it stipulated it was a noncomplying foreign corporation. Plaintiff's brief does not address the question and has made no response to the point raised in defendant's brief.

On the record presented and the law applicable to a decision, we conclude defendant's position is well taken and § 351.635 bars maintenance of plaintiff's claim. The initial agreement which sparked this litigation had its beginning in Dade County, Missouri. Plaintiff's proposed written agreement, executed by it but rejected by defendant, called for plaintiff to construct a total of four dams in Dade and Barry Counties. Pursuant to the oral agreement, plaintiff caused various articles of its construction equipment to be moved to the Dade County dam site and furnished a crew to operate the equipment.

The general rule is that a foreign corporation which engages in doing construction work within the state becomes subject to state laws regulating the doing of business therein by foreign corporations. "The performance of such work is not deemed to fall within the rule that a single or isolated transaction will not amount to doing business. Nor is it taken out of the scope of the statutes regulating the doing of business, by virtue of the commerce clause, merely because supplies, materials, and articles involved in the work, and laborers to perform it, are, as provided in, or contemplated by, the contract, brought in from other states, since that they may be regarded as an incident of a contract for labor within the state . . . ." 36 Am. Jur.2d, Foreign Corporations, § 351 (1968);

---

1. Since this appeal defendant R. R. Riss, Sr. has died and the parties shown as defendants have been substituted. For brevity, "defendant" as used in this opinion refers to R. R. Riss, Sr.

Annot., 55 A.L.R. 726 (1928); *Kansas City Structural Steel Co. v. Arkansas,* 269 U.S. 148, 46 S.Ct. 59, 70 L.Ed. 204 (1925); and see *Western Outdoor Advertising Co. v. Berbiglia, Inc.,* 263 S.W.2d 205 (Mo.App. 1953).

We hold plaintiff's failure to comply with the statutes governing foreign corporations doing business in this state precludes maintenance of its claim against the defendant and that the trial court erred in not sustaining defendant's motion to dismiss the petition.

*Western Outdoor Advertising Co.,* supra, is authority for the proposition that a counterclaim can be maintained against a noncomplying foreign corporation and, accordingly, we have reviewed the evidence on the counterclaim in view of defendant's averment that the court below erred in entering judgment for plaintiff. The trial judge was at liberty to believe or disbelieve the proffered testimony in support of the counterclaim. Our review leads to the conclusion there was substantial evidence to support the court's judgment and no error of law appears.

The judgment entered in favor of plaintiff on its petition is reversed and the petition ordered dismissed. The court's ruling on the counterclaim is affirmed pursuant to Rule 84.16(b).

HOGAN and TITUS, JJ., concur.

MAUS, J., not participating.