Charles O. LUNA, Larry A. Gardner, James A. Thomas, Plaintiffs-Respondents,

v.

IOWA–MO ENTERPRISES, INC., Defendant-Appellant.

No. 11223.

Missouri Court of Appeals, Southern District, Division Four.

March 31, 1980.

William T. Kirsch, Kimberling City, for plaintiffs-respondents, Larry A. Gardner and James A. Thomas.

No appearance for plaintiff-respondent, Charles O. Luna.

Kim W. Reeves, Mann, Walter, Burkart, Weathers & Walter, Springfield, Kenneth R. Babbit, Galena, for defendant-appellant.

GREENE, Judge.

On August 31, 1976, plaintiffs sued defendant, a foreign corporation, for default in payments due them on a $20,000 promissory note made payable to them and executed by defendant. Defendant counterclaimed for money damages for alleged breach of contract. The trial court sustained a motion to dismiss the counterclaim for the reason that defendant's certificate of authority to do business in Missouri had been forfeited by order of the secretary of state (plaintiffs' exhibit 3) on January 1, 1976, prior to the institution of the suit.

After trial by court, judgment was rendered for all plaintiffs and against defendant in the amount of $13,000, plus interest and attorney fees. This appeal followed. We affirm.

Defendant's sole point, raised on appeal, is that the trial court erred in dismissing defendant's counterclaim in that it misconstrued § 351.600(4),[1] by considering the statute as a bar to the assertion of the counterclaim, since the counterclaim rights arose prior to the forfeiture of defendant's corporate right to do business in Missouri and, therefore, defendant should not be barred from asserting a violation by plaintiffs of defendant's pre-forfeiture claims. Section 351.600(4) provides:

"4. Every foreign corporation subject to this chapter failing or refusing to comply with any of the provisions of this section for a period of sixty days after notice is given by the secretary of state shall be deemed and held to have forfeited any certificate of authority or franchise granted or derived from this state; and every such corporation which shall so fail or refuse to comply with the provisions of this section within the time specified herein shall not be permitted to maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of a contract or tort, while such requirement has not been complied with."

The same statutory prohibition appears in § 351.635, which is the penalty section of the foreign corporation law. These statutes clearly express the intent of the Missouri Legislature that a foreign corporation may not maintain a suit or action in any court of this state upon any demand, contractual or tortious, at a time when such corporation does not have authority to do business in this state. *Whalen Const. & Equipment Co. v. Grandview Bank*, 578 S.W.2d 69, 70–71 (Mo.App.1979).

If the legislature had wished to give foreign corporations, that had forfeited their charters, a limited right to sue in cases

---

[1]. Unless otherwise indicated, all references to statutes are to RSMo Supp.1975, V.A.M.S.

where their claims against the other party had occurred prior to forfeiture of the corporate charter, it would have said so. It did not. We will not read into the statutes language that is not there, or that cannot, by common sense interpretation, be presumed to be there by implication, through the process of court determination of legislative intent.

Foreign corporations have no greater rights than domestic ones. Missouri corporations cannot maintain any legal action in this state after forfeiture of their certificate of authority, § 351.575, RSMo 1969, V.A.M.S.; *Levey v. Roosevelt Federal S. & L. Ass'n of St. Louis,* 504 S.W.2d 241, 245 (Mo.App.1973). The legislative approach to this issue has been consistent, and its intent has been clear. The point is denied.

The judgment is affirmed.

MAUS and PREWITT, JJ., and HOUSER, Special Judge, concur.

FLANIGAN, C. J., recused.