(No. 5644. Decided May 23, 1905.)

W. A. RITCHIE, *Appellant,* v. THE STATE OF WASHINGTON, *Respondent.*[1]

STATES—CONTRACTS—EMPLOYMENT OF ARCHITECT FOR STATE CAPITOL ANNEX—NOT IN WRITING—STATE CAPITOL COMMISSION—POWERS. The employment of a supervising architect for the erection of the capitol annex is not required to be by written contract; since Laws 1893, p. 462, § 4, providing that all contracts made with the board of state capitol commissioners shall be in writing, indorsed "approved" by a majority of the board, etc., applies only to contracts for construction and material, and not to an agreement with the architect to be selected and employed under § 6 of the act, which provides that his compensation is to be fixed by, and that he is removable at the pleasure of, the board, the law further requiring the architect to give bond for the faithful performance of his duties, while § 7 requires contractors to give bond for the faithful performance of their contracts.

SAME—EXTRA COMPENSATION—MODIFICATION OF CONTRACT—CLAUSE REQUIRING WRITTEN AGREEMENT. A written contract whereby the state capitol commission employed an architect for the erection of the capitol annex, which provides that the architect shall not be entitled to any extra compensation unless previously agreed upon in writing, does not preclude the contracting parties from thereafter modifying the contract or making a further contract for extra compensation without a writing; but the terms of the written contract may be considered in determining the fact of additional employment.

Appeal from a judgment of the superior court for Thurston, county, Linn, J., entered December 29, 1904, upon sus-

[1] Reported in 81 Pac. 79.

taining a demurrer to the complaint, dismissing an action on contract. Reversed.

*Vance & Mitchell,* for appellant.

*The Attorney General* and *A. J. Falknor,* for respondent.

RUDKIN, J.—The complaint in this case contains four causes of action, but only two of these are before us on this appeal. The third cause of action is to recover the sum of $1,560 for services performed by the plaintiff, at the special instance and request of the defendant, in preparing and furnishing written plans, specifications, schedule of quantities, and details of furniture, furnishings, etc., for the senate chamber and hall of the house of representatives in the annex of the capitol building. The fourth cause of action is to recover the sum of $1,400 for services performed by the plaintiff, at the special instance and request of the defendant, in preparing plans, specifications, and detail drawings of structural ironwork (except roof trusses), including floor beam construction, cast iron columns, concrete and expanded metal fireproof floor construction and its supports, for the state capitol annex, in lieu of the hollow tile fireproof construction called for in the original plans and contract.

To both the third and fourth causes of action, the defendant interposed the defense that no copy of any contract in writing respecting said plans, specifications, details and schedules, or said services, was ever made out and certified by the secretary of the state capitol commission, endorsed "approved" or otherwise, with the date of approval, or delivered to said plaintiff, and no written contract between the plaintiff and the defendant for said plans, specifications, details and schedules, or for said services, was ever approved by a majority of said board, or recorded in a book kept for that purpose. To the fourth cause of action the additional defense was interposed, that on the 5th day of April, 1901,

the plaintiff and the defendant entered into a written contract, whereby the defendant employed the plaintiff as supervising architect to prepare and furnish plans, specifications, drawings and details for the repairs, alterations, etc., in the state capitol building; that said contract contained the following provision, among others:

"Said second party in consideration of the performance of all the conditions, agreements and stipulations herein contained to be performed by said first party, his subordinates and assistants, agrees to pay said first party as full compensation, an amount equal to five per cent of the actual cost of such alterations, repairs, and additions, to be paid as follows, to wit: $2\frac{1}{2}$ per cent when contracts are entered into for the making and construction of such repairs, alterations and additions, within the limit of the funds available for such purpose, and the remaining $2\frac{1}{2}$ to be paid in installments as follows: $2\frac{1}{2}$ per cent of the amount of the estimate paid to contractor for work done and materials furnished for the preceding month; and the balance at the time of the completion of said alterations, repairs and additions, and the acceptance of the same by said commission. But in no event shall the total amount paid to said architect exceed the sum of five per cent of the actual costs of said alterations, repairs and additions, it being expressly understood that the said first party shall not be entitled to any extra compensation on any account whatever, unless previously agreed upon in writing;"

that the services mentioned in the fourth cause of action were for changes and alterations made in the original plans for the building, and the same were so made without cost to the defendant; that no contract in writing, or otherwise, was entered into between the plaintiff and the defendant respecting such alterations, or respecting the furnishing of plans, specifications and detail drawings, excepting the written contract above set forth, which is made a part of the answer.

The reply admitted that there was no contract in writing between the plaintiff and the defendant for the services

mentioned in the third and fourth causes of action, and admitted the execution of the written contract referred to in, and made a part of the answer. By reason of these admissions in the reply, the court below granted a motion for judgment on the pleadings, and from the order of dismissal, this appeal is taken.

The respondent relies on the following provision in section 4 of the act of March 21, 1893, to sustain the judgment in its favor:

"All contracts made with said board and all bonds required by said board shall be regularly passed upon by the board in session and if adopted and approved by a majority of said board shall be recorded in a book kept for that purpose, and a copy of such contract shall be made out and certified by the secretary indorsed 'approved,' with the date of approval, and delivered to the other party to the contract. Until such delivery no contract shall be valid or binding on either party." Laws 1893, p. 462, § 4.

Must the employment of an architect for the building be by written contract in order to be valid under the above provision? Said section 4 also provides for the appointment of a secretary. His compensation is fixed by the board at not to exceed $125 per month for the time actually employed, and he is removable at the pleasure of the board. Section 6 provides for the employment of an architect, and the manner of his selection. His compensation is fixed by the board, and he is removable at their pleasure. Section 9 of the act provides for the appointment of a superintendent. His compensation is fixed by the board at not to exceed $8 per day, and he also is removable at pleasure. Section 7 of the act provides that,

"No construction or material shall be furnished except pursuant to bids advertised for, as herein provided. All lettings of construction or material exceeding in amount the sum of five hundred dollars ($500) shall be advertised in two daily newspapers of general circulation, for not less than ten days. The bid of the lowest responsible bidder shall

be accepted, saving that the board shall have the right to reject all bids. The performance of every contract shall be secured by a bond to the State of Washington, in a sum not less than one quarter of the contract price, secured by two securities, qualifying in double the amount of the bond, each of whom shall be a *bona fide* resident of this state, said bond to be conditioned for the faithful performance of said contract."

Section 14 of the act provides for the auditing of all claims, bills, and demands for work done, labor performed and material furnished.

We fully agree with counsel for respondent that the powers of the state capitol commission are defined by the act creating the board, and that the appellant cannot recover if that act requires his contract of employment to be in writing. We cannot agree, however, with the contention that the employment of an architect comes within the provisions of the act requiring certain contracts to be in writing. We think the contracts for construction and material referred to in section 7 are the contracts, and the only contracts, which fall within the requirements of section 4. Said section 4 refers to "all contracts made with said board and all bonds required by said board." The requirements of this section apply alike to the contract and the bond. The bond referred to is manifestly the bond given for the faithful performance of the contract. While the secretary and architect are required to give bonds, their bonds are conditioned for the faithful performance of *their duties*, and not for the faithful performance of any contract between them and the board. The secretary, the architect, and the superintendent are removable at the pleasure of the board, and such power of removal is in a measure inconsistent with any definite contract of employment. We think the object of the statute will be fully satisfied by limiting the requirements of section 4 to the contracts for construction and material referred to in section 7. To extend the requirements to all contracts of whatever kind would unduly hamper the board in the

discharge of their duties, and we do not think that such was the intention of the legislature.

The other defense interposed may be valid, and it may not. It presents a question of fact, not of law. It is common,. in building contracts, to provide that no claim shall be made for extras unless ordered in writing. Such ˉpro-visions are usually a limitation on the authority of architects, engineers, and other agents in charge of the work. They are intended for the protection of the employer, are valid, and should in all proper cases be enforced. But it must be remembered that a party cannot, by contract, limit his own power as to its modification, or as to the making of future contracts. Notwithstanding the parties in this case agreed that no charges for extra compensation should be made on any account whatever, unless previously agreed upon in writing, they nevertheless retained full power to modify this contract, or to make a further contract without a writing; and in this case it is for the court or jury to say, under all the circumstances, whether the services mentioned in the fourth cause of action were performed under the written contract attached to the answer, or under some subsequent agreement, express or implied. *Wilkens v. Wilkerson* (Tex. Civ. App.), 41 S. W. 178; *Bartlett v. Stanchfield*, 148 Mass. 394, 19 N. E. 549, 2 L. R. A. 625. In determining this question, they have a right to take into consideration the terms and provisions of the written contract between the parties.

For the error in granting the motion for judgment on the pleadings, the judgment is reversed and a new trial ordered.

MOUNT, C. J., FULLERTON, HADLEY, CROW, DUNBAR, and ROOT, JJ., concur.