**CONTINENTAL CASUALTY CO. v. SCHAEFER.**

**GOERIG et al. v. CONTINENTAL CASUALTY CO.**

**MACRI et al. v. SCHAEFER.**
No. 11707.

United States Court of Appeals Ninth Circuit.
Feb. 11, 1949.

Rehearing Denied April 5, 1949.

See, also, 167 F.2d 107.

Eugene D. Ivy and Elwood Hutcheson, both of Yakima, Wash., for appellant Continental Casualty Co.

S. W. Brethorst, Tom W. Holman, Thomas N. Fowler, and Warren L. Dewar, all of Seattle, Wash., for appellants Macri.

Olson & Palmer, of Yakima, Wash., and Stuart W. Hill, Portland, Or., for appellee Schaefer.

Before DENMAN, Chief Judge, and HEALY and BONE, Circuit Judges.

DENMAN, Chief Judge.

The several Macris, hereafter so called, contractors on a government contract under the Miller Act,[1] appeal from a judgment in favor of Schaefer, their subcontractor, for labor and materials furnished in the performance of a subcontract and modification thereof.

Continental Casualty Company, hereafter called Continental, appeals from a judgment against it as surety on the contract between the Macris and the United States, described infra, in favor of Schaefer for the amount of the judgment against the Macris.

The Macris do not contend that they are not liable for an unpaid balance on the

---

[1] 40 U.S.C. §§ 270a, 270b, 40 U.S.C.A. §§ 270a, 270b.

contract price included in the judgment, but contend they are not liable for more than the contract price. They contend that the evidence does not support the court's finding that they breached the subcontract and, on the contrary, that the extra work done by Schaefer was in the performance of that contract. Continental's appeal urges these grounds and, in addition, that in any event a surety under the Miller Act is not liable for more than the value of the labor and materials to be supplied under the contract. Continental also seeks to recover here additional attorney's fees for prosecuting this appeal.

The dispute between Schaefer and the Macris arises out of the performance of a subcontract to do the cement work on the federal irrigation project known as the Roza Division, Yakima Project, near Yakima, Washington. Schaefer sued to recover $57,618.87 as the alleged unpaid balance of the reasonable value of the work, labor and expenses on a quantum meruit theory after the alleged breach of a contract by the Macris. The subcontract between Schaefer and the Macris provided that Schaefer was to furnish "all labor and necessary equipment to do all of the concrete work, form work, cut, bend and install all reinforcing steel, all such work as shown on the plans as specified [in certain numbered specifications]."

The trial court, sitting without a jury, found that the Macris were to perform all of the excavating and to furnish all of the materials necessary for the performance of the subcontract with the exception of form wire, nails and curing materials. The excavating and materials were to be furnished in accordance with specifications and in proper time for the performance of the subcontract by Schaefer. The court further found that Schaefer's performance was diligent, but that the Macris had breached the subcontract in that they failed to make the excavations in the proper manner so that Schaefer's carpenters had to make extra excavations in order to install the forms. The Macris also failed to do the fine grading in the proper manner and in time for Schaefer to proceed with prompt progress of the work. The Macris also failed to furnish the proper quality and quantity of lumber required, which hindered and delayed Schaefer in the performance of his work. Macris' breaches were found willful and negligent and they continued and persisted throughout the entire performance of the subcontract.

The court further found that Schaefer had made many complaints to the Macris regarding the latter's defaults; that the Macris induced Schaefer to continue performance and to perform some of the work the Macris were to do, and that Schaefer would be compensated for the additional expense because of the adverse conditions created by the Macris. The court found that "there was an implied agreement or quasi-contract that * * * Schaefer was to be paid the fair and reasonable value of his subcontract under the conditions and with the extra burdens imposed upon [Schaefer by the Macris' breaches]."

The subcontract contained a provision that in order to obtain extra compensation written notices and statements were required. The court found that the Macris had waived this provision by their conduct toward Schaefer by accepting and acting upon the oral notices given.

Judgment was rendered in favor of Schaefer against the Macris and Continental for $56,764.97, with interest from date of judgment. Also, a judgment in that same amount was rendered in favor of Continental against the Macris, plus $1750 for Continental's attorneys' fees. Continental and the Macris both appeal from the judgments, and Continental asks for additional attorneys' fees from the Macris to cover the prosecution of this appeal.

A. The Law Governing the Several Issues.

On the issue of the Macris' liability to Schaefer, we think that the Washington law should govern. While federal jurisdiction is conferred by the Miller Act and not by diversity of citizenship, we feel that the reasons underlying the doctrine of Erie Ry. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, are applicable

here, where the issue does not involve construction or application of a federal statute. Blair v. United States, 8 Cir., 147 F.2d 840, 849. Cf. Goerig v. Continental Casualty Co., 9 Cir., 167 F.2d 930. The rights and liabilities of the parties under the subcontract should not depend on the choice of forum sought to enforce these rights. Cf. Guaranty Trust Co. v. York, 326 U.S. 99, 109, 65 S.Ct. 1464, 89 L.Ed. 2079, 160 A.L.R. 1231. Hence we should decide this issue as would a state court sitting in Washington. Since all the relevant facts regarding this subcontract have occurred in Washington, the Washington substantive law of contracts is applicable. Hatcher v. Idaho Gold & Ruby Mining Co., 106 Wash. 108, 113, 179 P. 106.

■ On the issue of Continental's liability on the payment bond, the federal law should control because the determination of the extent of the liability involves the construction of a federal statute, the Miller Act, under which it was created, Liebman v. United States, 9 Cir., 153 F.2d 350.

### B. Macris' Liability to Schaefer.

■ The district court held that there was an "implied agreement or quasi-contract" to the effect that the Macris would pay Schaefer the fair and reasonable value of his subcontract under the conditions and with the extra burdens imposed upon Schaefer by the Macris' breach and failure to perform their part of the subcontract. The Macris claim there is no substantial evidence to support the finding that they breached the subcontract. While the testimony is conflicting, the record contains sufficient evidence to support the finding, and this court will not weigh the evidence in such a case. Federal Rules of Civil Procedure, rule 52 (a), 28 U.S.C.A. We cannot say that this finding is clearly erroneous.

■ Since the court found that the subcontract was willfully breached by the Macris and that they induced Schaefer to continue performance and even to perform part of the Macris' work, Schaefer should be allowed to recover in excess of the stipulated contract price for the extra work performed in reliance on the Macris' statements, which were intended to induce reliance. Olwell v. Nye & Nissen Co., 26 Wash.2d 282, 173 P.2d 652, 169 A.L.R. 139. Whether the theory is called implied-in-fact contract, quasi-contract or promissory estoppel, the measure of Schaefer's recovery against the Macris should be the reasonable value of the work and materials furnished plus overhead and profit. Nelson v. City of Seattle, 180 Wash. 1, 28, 38 P.2d 1034. Cf. United States v. Zara Contracting Co., 2 Cir., 146 F.2d 606; 5 Williston, Contracts (Rev. Ed.) § 1480.

■ The Macris contend that Schaefer may not recover for the extra work because he has not complied with the contract provisions regarding written notice of changes in order to get extra compensation. The trial court found that the Macris had waived these provisions by accepting and acting on the oral notices, and there is ample evidence to support such a finding. Such a provision does not deprive the parties of the power to modify the contract without a writing, Ritchie v. State, 39 Wash. 95, 81 P. 79.

■ The Macris rely on City and County of San Francisco v. Transbay Construction Co., 9 Cir., 134 F.2d 468. That case is not applicable here because it was a diversity case in which this court expressly applied California law to determine the rights of the parties under the contract. Furthermore, that case is distinguishable in that the nature of the claim, although on the theory of quantum meruit, was really for damages for delay, and the plaintiff there had failed to comply with provisions of the City's charter relating to filing such claims within sixty days. Also, there the alleged extra work done was that which the plaintiff contracted to do, but it had become more burdensome due to unanticipated conditions. The City had held out no added inducement to the contractor to continue performance, and did not, by implication or otherwise, agree to pay the contractor anything beyond the amount fixed in the written agreement. In the instant case, no statute limits the Macris' liability for breaches of the subcontract, and also Schaefer has performed work at the Macris' request which was not called for by the subcontract. We hold the Macris

liable for the extra work performed at their request.

### C. Method of Ascertaining the Amount of Recovery.

Macris contend that Schaefer should not recover because he has failed to prove the increased cost of the work because of Macris' defaults. Schaefer introduced a statement of costs prepared by a certified public acountant which showed all Schaefer's costs on this project. From this amount was subtracted the amount the Macris had paid on account and judgment was rendered for the difference. There was evidence to show what Schaefer's costs would have been if the work had progressed as originally contemplated, and this amount was substantially the same as the amount of Schaefer's bid, so the increased costs of Schaefer were properly computed by reference to this statement. In the light of this evidence we cannot say that the finding of the trial court was erroneous. The judgment in favor of Schaefer against the Macris is affirmed.

### D. Continental's Liability to Schaefer.

Section 1 of the Miller Act, 40 U.S.C. § 270a, 40 U.S.C.A. § 270a, provides that the contractor with the government shall furnish "a payment bond * * * for the protection of all persons supplying labor and material in the prosecution of the work provided for in said contract for the use of each such person." Section 2, 40 U.S.C. § 270b, 40 U.S.C.A. § 270b, provides that "every person who has furnished labor or material in the prosecution of the work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor * * * shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit * * *."

Continental contends that Schaefer's cause of action is for damages for breach of the subcontract by the Macris, and that a surety under the Miller Act is not liable for such damages. United States v. Maryland Casualty Co., 5 Cir., 147 F.2d 423; L. P. Friestedt Co. v. United States Fire Proofing Co., 10 Cir., 125 F.2d 1010. These cases are distinguishable from the instant case in that there was no agreement there by the general contractor or the United States to pay any additional amount for the extra work done. Here the court below found, "That pursuant to said subcontract * * * and pursuant to the oral conversations, representations and inducements herein referred to, [Schaefer] between the 14th day of March, 1944, and the first day of May, 1945, furnished labor and materials and performed services for the [Macris] at their special instance and request of the reasonable cost and value of $89,498.71." From this amount was deducted the amount the Macris paid on account, which left a balance of $56,764.97, the amount of the judgment. It does not appear from this finding that the amount of the judgment included damages for breach of contract.

In the Friestedt case, supra, 125 F.2d at page 1012, the court said, "There is here no claim that they [the subcontractors] furnished any extras necessary for the completion of the contract and therefore contemplated by the parties and implied in the contract. * * * What was done was not required by any of the terms of the contract but became necessary because of an alleged breach of the contract because a contractor violated one of the terms of the contract; * * *." Here the new agreement between the Macris and Schaefer contemplated that Schaefer was to perform extra work, which the Macris were originally obligated to perform, in order that the main contract between the Macris and the United States could be performed. The performance of the new agreement furnished labor and materials agreed by the Macris to be supplied under the main contract and hence labor and materials within the terms of the Miller Act and the bond. Cf. John A. Johnson & Sons v. United States, 4 Cir., 153 F.2d 534. The judgment against Continental is affirmed.

### E. Attorneys' Fees for Continental's Appeal.

The trial court awarded Continental $1750 for attorneys' fees in that court. Continental now seeks to recover in this court fees for the prosecution of this appeal, pursuant to a provision in the application for the bond which required the Macris

"to indemnify the company [Continental] against all loss, costs, damages, expenses and attorney's fees whatever, and any and all kind of liability therefor, sustained or incurred by the company * * * in prosecuting or defending any action brought in connection [with the bond]." There is also a provision "that separate suits may be brought hereunder as causes of action accrue" without prejudice to other suits regardless of when the cause of action arises.

No cause of action had accrued for the attorneys' services in this court when the case was pending in the district court. Whatever right the parties may have for this more recent cause of action should be instituted in a court of first instance. It is an original proceeding which cannot be initiated here.

In the three cases cited by Continental: American Can Co. v. Ladoga Canning Co., 7 Cir., 44 F.2d 763; Davis v. Parrington, 9 Cir., 281 F. 10, and Rigopoulous v. Kervan, 2 Cir., 140 F.2d 506, 151 A.L.R. 1126, the statutes involved created in the appellate court the right there to recover attorneys' fees.

The judgment of Schaefer against the Macris and Continental is affirmed. The petition for allowance of attorneys' fees is dismissed, without prejudice.