RICHMOND ELKS HALL ASSOCIA-
TION, a California Corporation,
Plaintiff,

v.

RICHMOND REDEVELOPMENT AGEN-
CY and the City of Richmond,
Defendants.

No. C–72–2275.

United States District Court,
N. D. California.

Feb. 19, 1975.

Jackson, Turner & Mulcare, Burlin-
game, Cal., and Bold & Polisner, Walnut
Creek, Cal., for plaintiff.

James T. Johnson of Fitzgerald &
Johnson, San Francisco, Cal., for de-
fendants.

ORDER DENYING PLAINTIFF'S
MOTION FOR LITIGATION EX-
PENSES AND AWARDING
PLAINTIFF COSTS OF SUIT

WOLLENBERG, District Judge.

Plaintiff brought this inverse condem-
nation action against Defendant Rich-

mond Redevelopment Agency under the Fifth Amendment to the United States Constitution.[1] On September 17, 1974, this Court filed Findings of Fact and Conclusions of Law as to all Issues, Save and Except for Litigation Expenses, finding Richmond Redevelopment Agency had taken Plaintiff's property without just compensation.[2] The case is now before the Court on Plaintiff's motion for litigation expenses, including attorney's fees.

■ Plaintiff first claims it is entitled to an award of litigation expenses under the strongly expressed Congressional mandate found in the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4601 et seq. Section 304(c) of the Act, 42 U.S.C. § 4654(c), entitled "Litigation Expenses", provides in relevant part, as follows:

> The court rendering a judgment for the plaintiff . . . awarding compensation for the taking of property *by a Federal Agency* . . . shall determine and award . . . such sum as will in the opinion of the court . . . reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

(emphasis supplied). The term "Federal Agency" as defined in the Act[3] applies only to departments or agencies in the executive branch of government, wholly owned government corporations

and certain other specific entities. Defendant Richmond Redevelopment Agency is therefore not a Federal Agency within the meaning of the Act and, accordingly, Plaintiff is not, under the terms of the Act, entitled to an award of litigation expenses as part of the judgment granting compensation for the taking.

■■ The traditional American rule is that litigation costs which may be granted the prevailing party in a civil action do not include attorney's fees absent express statutory authority, a valid contract providing for payment of such fees or unless certain "overriding considerations indicate the need for such a recovery." Mills v. Electric Auto-Lite, 396 U.S. 375, 391–92, 90 S.Ct. 616, 625, 24 L.Ed.2d 593 (1970) ; F. D. Rich Company v. Industrial Lumber Company, 417 U.S. 116, 126, 94 S.Ct. 2157, 40 L. Ed.2d 703 (1974). For an excellent description of the scope of these "overriding considerations", see generally La Raza Unida v. Volpe, 57 F.R.D. 94 (N.D. Cal.1972) (attorney's fees awarded "in order to effectuate a strong Congressional policy." 57 F.R.D. at 102.) ; see also F. D. Rich Company v. Industrial Lumber Company, *supra,* 417 U.S. at 129–30, 94 S.Ct. 2157. None of the policies identified in *Mills* and *La Raza Unida* which would mitigate the traditional rule against including attorney's fees in an award of costs would justify a departure from that rule under the facts of this case. Accordingly, under federal law Plaintiff is not entitled to recover attorney's fees in this action.

---

1. No person shall . . . be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation. U.S.Const., Amend. V.

2. These Findings and Conclusions were modified by an Order filed November 19, 1974. The modification affected the interest Plaintiff is entitled to on the judgment, and it relieved a second Defendant, the City of Richmond, of liability in the taking of Plaintiff's property.

3. Section 101(1) of the Act, 42 U.S.C. § 4601(1), provides as follows:
The term "Federal Agency" means any department, agency, or instrumentality in the executive branch of the Government (except the National Capital Housing Authority), any wholly owned Government corporation (except the District of Columbia Redevelopment Land Agency), and the Architect of the Capitol, the Federal Reserve banks and branches thereof.

Plaintiff claims it is entitled to an award of litigation expenses under Section 1246.3 of the California Code of Civil Procedure, which provides as follows:

> In any inverse condemnation proceeding brought for the taking of any interest in real property, the court rendering judgment for the plaintiff by awarding compensation for such taking, or the attorney representing the public entity who effects a settlement of such proceeding, shall determine and award or allow to such plaintiff, as a part of such judgment or settlement, such sum as will, in the opinion of the court or such attorney, reimburse such plaintiff for his reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal, and engineering fees, actually incurred because of such proceeding.

This action was brought under the Fifth Amendment to the United States Constitution and has to this point been governed by federal law. Under federal law Plaintiff is not entitled to recover litigation expenses. Unless state law is to be applied on this issue, Plaintiff's motion will be denied.

■ Sam Macri & Sons v. United States ex rel. Oaks Construction Company, 313 F.2d 119 (9th Cir. 1963) (hereinafter "Macri"), was a Miller Act case, 40 U.S.C. §§ 270a–270d, in which a general contractor and its subcontractor disagreed about their obligations under their contract. As in the case at bar, Macri was not a diversity case, and the complaint stated only a federal cause of action.[4] The Ninth Circuit's complete discussion of its affirmance of the District Court's award of attorney's fees to the prevailing party is as follows:

*I. The claim that no attorneys' fees should have been allowed to Oaks.*

Such fees were allowable at the time of this judgment under Alaska law (Alaska Comp.Laws Ann. § 55–11–51 (1949); United States for Use and Benefit of Miller & Bentley Equipment Co. v. Kelly, D.C.Alaska, 1961, 192 F.Supp. 274, 279). We find no error. Here Oaks recovered the major part of its claim, and the case thus differs from Kelly, where the major part of the claim was defeated by a counterclaim, and the Court declined to award any fees.

■ The court's apparent application of state law is unexplained in the opinion. Earlier in the opinion, in a discussion of whether the conduct of the parties would be consulted in construing the contract, the court offered the following analysis of whether state or federal law would be applied:

> We assume that, in accordance with frequent pronouncements by the Supreme Court and by this Court, the prime contract, being a contract with the government, is governed by federal law. [citations omitted.] We have heretofore held that a subcontract, being between private parties, is governed by state law in a case such as this. [citations omitted.] However, we do not expressly distinguish between federal and state law in this opinion, because *we think that the principles we apply are valid "federal" principles and are likewise valid under Alaska law.* For our present purposes, it does not matter whether Alaska law be applied by analogy to the Rule in Erie Ry. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, the theory in Continental Cas. Co. v. Schaefer[5] . . . or is selected as

---

4. The action was to enforce contract rights, and the interpretation and enforcement of contracts are ordinarily matters of state law.

5. In Continental Cas. Co. v. Schaefer, 173 F.2d 5 (9th Cir. 1949), the Ninth Circuit applied state law in construing a contract under the Miller Act because it believed that Plaintiff's choice of forum—state or federal—

should not determine the outcome when the issue in dispute raises no question of the construction or application of a federal statute. 173 F.2d at 7–8. The issue was whether the parties had orally agreed to waive certain provisions of their written contract. This issue typically involves questions of state law. (Footnote added.)

our choice of the applicable federal rule [citation omitted].

313 F.2d at 124 n. 1 (emphasis supplied).

The case at bar is different in several respects. A state statute provides for recovery of attorney's fees by the prevailing plaintiff in an inverse condemnation suit. Federal law provides no such relief. In Continental Cas. Co. v. Schaefer, *supra*, traditionally state law questions were involved, whereas in the present case the question is whether litigation expenses may be recovered by a prevailing plaintiff in an action brought under the Fifth Amendment to the United States Constitution. This is not a state law question. In *Macri* the court either did not recognize or just failed to discuss the problem of whether the award of attorney's fees under the Miller Act was a federal or a state question. Until then courts had disagreed whether state or federal law applied on this issue. *See* discussion in United States ex rel. Western Steel Company v. Reliance Insurance Company of Philadelphia, 227 F.Supp. 939, 940 (D.Mont.1964). The question is now settled, and such an award is not proper regardless of what state law might otherwise provide. F. D. Rich Company v. Industrial Lumber Company, *supra*, 417 U.S. at 126–27, 130–31, 94 S.Ct. 2157. In any event, the *Macri* case fails to provide reliable guidance about whether to apply the federal or the state rule in the case at bar.

In United States v. F. D. Rich Company, 473 F.2d 720 (9th Cir. 1973), the Ninth Circuit, curiously without reference to its earlier decision in *Macri*, again affirmed an award of attorney's fees in a Miller Act case. The Miller Act provides a remedy for suppliers and subcontractors who perform services or provide materials for a contractor in connection with construction on federal property and must bring a lawsuit to recover moneys owed by the prime contractor for these services or materials. The Act is remedial legislation made necessary because the remedy usually available under state law—a lien on the property by the supplier or subcontractor—is unavailable when the property in question is owned by the federal government. Since the purpose of the Miller Act is to provide a remedy which would otherwise be available under state law, the Court of Appeals reasoned it could permit an award of attorney's fees by referring to and adopting what it found to be the state policy in California, that attorney's fees may be recovered in actions on the bonds of public works contractors. 473 F.2d at 727–28; *see* California Civil Code Section 3250.

On certiorari in the Supreme Court, F. D. Rich Company v. Industrial Lumber Company, *supra*, the conclusion and the reasoning of the Court of Appeals on the issue of attorney's fees were rejected. The Supreme Court held the Miller Act creates a federal cause of action which, both as to the nature of the rights and the scope of the remedy created, is governed by federal law. 417 U.S. at 127, 94 S.Ct. 2157. Noting the absence of Congressional intent to incorporate state law into any of the provisions of the Miller Act, 417 U.S. at 127, 94 S.Ct. 2157, the Court decided it was "better to extricate the federal courts from the morass of trying to devine a 'state policy' as to the award of attorneys' fees in suits on construction bonds." 417 U.S. at 128, 94 S.Ct. at 2164. The Court left to Congress responsibility for expansion or elaboration of rights available under the Miller Act. 417 U.S. at 131, 94 S.Ct. 2157. The Court found inapplicable to the facts before it the few exceptions—referred to *supra*—to the general rule of unavailability of attorney's fees in civil cases. 417 U.S. at 129–30, 94 S.Ct. 2157.

The Supreme Court's holdings in *F. D. Rich Company* are controlling in the case at bar. There is no basis for the position urged by Plaintiff that this Court should resort to state law to read into the Fifth Amendment a provision for awarding litigation expenses in excess of those ordinarily available as costs to the prevailing party in a civil suit.

*See* Rule 124(e) of the Local Rules of Practice for the Northern District of California. Accordingly, Plaintiff's motion for litigation expenses in excess of those usually available to a prevailing party will be denied.

■■ Plaintiff also claims it should receive litigation expenses because otherwise it will have to pay these expenses from its damage award, which was computed on the basis of the value of the property, and will therefore not have been justly compensated for the taking of its property. This position was adopted in United States v. 71.29 Acres of Land, 376 F.Supp. 1221 (W.D.La.1974), but the opinion therein is ambiguous as to the basis for this position. While the court refers to the Fifth Amendment, it concludes that the land owners whose land was condemned are entitled to recover certain litigation expenses, "especially under the applicable Louisiana law, as followed by the Fifth Circuit relative to taking of Louisiana property." 376 F.Supp. at 1227. The court then quoted at length from a decision of the Court of Appeals for the Fifth Circuit which relied entirely on Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and Louisiana law and awarded litigation expenses to the prevailing party in a lawsuit growing out of a condemnation proceeding. 376 F.Supp. at 1227, *quoting* Henning v. Lake Charles Harbor and Terminal District, 387 F.2d 264 (5th Cir. 1968). Reliance on state law to construe rights available under a federal cause of action is improper. Furthermore, the argument that full compensation requires an award of litigation expenses including attorney's fees was rejected by the Supreme Court in F. D. Rich Company v. Industrial Lumber Company, *supra*, 417 U.S. at 128–29, 94 S.Ct. 2157.

For the foregoing reasons, it is hereby ordered that Plaintiff's motion for litigation expenses is hereby denied.

It is further ordered that Plaintiff shall recover its costs of suit pursuant to Rule 124(a) of the Local Rules of Practice for the Northern District of California.