UNITED STATES of America, for the Use and Benefit of A. V. DeBLASIO CONSTRUCTION, INC., Plaintiff-Appellee,

v.

MOUNTAIN STATES CONSTRUCTION CO. et al., Defendants-Appellants,

and

MOUNTAIN STATES CONSTRUCTION CO. et al., Third Party Plaintiffs-Appellants,

v.

UNITED PACIFIC INSURANCE CO., Third Party Plaintiff-Appellant,

v.

A. V. DeBLASIO and Jean DeBlasio, his wife, and the martial community composed of them, Third Party Defendants-Appellees.

UNITED STATES of America, etc., Plaintiff-Appellants,

v.

MOUNTAIN STATES CONSTRUCTION COMPANY et al., Defendants-Appellees,

and

MOUNTAIN STATES CONSTRUCTION CO. et al., Third Party Plaintiffs-Appellees,

v.

UNITED PACIFIC INSURANCE CO., Third Party Plaintiff-Appellee,

v.

A. V. DeBLASIO and Jean DeBlasio, etc., Third Party Defendants-Appellants.

Nos. 77–1112, 77–1167.

United States Court of Appeals, Ninth Circuit.

Oct. 26, 1978.

Rehearing Denied Dec. 21, 1978.

Lyle L. Iversen (argued), Lycette, Diamond & Sylvester, Seattle, Wash., for defendants-appellants.

William B. Moore (argued), Ferguson & Burdell, Seattle, Wash., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and GRANT,* District Judge.

CHOY, Circuit Judge:

A. V. DeBlasio Construction, Inc., appeals from a judgment awarding it damages for breach of contract under the Miller Act, 40 U.S.C. § 270a et seq., against its contractor, Mountain States Construction Company. DeBlasio contends that damages were improperly limited. Mountain States cross-appeals, claiming that the court improperly rejected various setoffs against DeBlasio. We affirm the judgment of the district court, except for its denial of prejudgment interest, as to which we reverse and remand.

## I. The Case

Mountain States contracted with the Bureau of Reclamation to construct irrigation pipelines in the state of Washington. Mountain States subcontracted to DeBlasio the performance of certain excavation work. The Bureau of Reclamation reserved the right to inspect the work to ensure compliance with government specifications.

During construction, friction developed between DeBlasio and Mountain States, each charging the other with failure to comply with contractual duties. Mountain States contended that DeBlasio's performance did not meet government requirements and that DeBlasio had violated government safety standards. On June 25, 1973, Mountain States informed DeBlasio that if DeBlasio did not perform to Mountain States' satisfaction, Mountain States would invoke a contractual provision allegedly allowing the contractor to take over the subcontractor's performance at the subcontractor's expense.

Though DeBlasio made some effort to comply with Mountain States' ultimatum, on July 3, 1973, Mountain States took over DeBlasio's work. Mountain States also suspended payments to DeBlasio.

DeBlasio filed suit against Mountain States and its sureties, alleging breach of subcontracts and seeking recovery for work performed and materials and equipment supplied. Mountain States and its sureties counterclaimed and filed third party complaints against DeBlasio and its surety, claiming that DeBlasio had breached the subcontracts.

The cause was heard by the Honorable Charles L. Powell. Because Judge Powell died before rendering a decision, the parties stipulated to trial on the written record before a different judge. The Honorable Eugene A. Wright made findings of fact and conclusions of law and rendered judgment. Judge Wright found that written subcontracts existed which had been breached. He stated that while both parties were to blame for the dissension which resulted in termination of the contract, Mountain States' termination of DeBlasio was "wholly arbitrary." The court there-

---

* The Honorable Robert A. Grant, Senior United States District Judge for the Northern District of Indiana, sitting by designation.

fore gave judgment in favor of DeBlasio, granting compensation for work completed prior to termination according to the contract rate. Prejudgment interest on this sum was not allowed. The court also dismissed with prejudice the counterclaims and third party complaints. From this judgment, both parties appeal.

## II. Money Awards

### A. Quantum Meruit Damages.

In awarding damages to DeBlasio, the court limited recovery to the rates set in the subcontracts. DeBlasio contends that recovery in *quantum meruit* according to the reasonable value of its performance should be allowed, even in excess of the contract rate.

■■■ This claim must be rejected.[1] Typically the Washington state courts measure damages for breach of contract according to the contract rate, which reflects the parties' expectations as to the value of performance. *Diedrick v. School District 81,* 87 Wash.2d 598, 610, 555 P.2d 825, 833 (1976). This is the general rule of contract law. Restatement of Contracts § 346(2), Comment d, Illustration 8 (1932). Recovery in quantum meruit is appropriate

when the breaching party has been unjustly enriched through wrongful conduct. It may also be appropriate when the party aggrieved has been induced to perform to the breacher's benefit beyond the scope of the contract. For example, applying Washington law this court allowed recovery in *quantum meruit* against a contractor who had willfully breached a contract and had intentionally induced the subcontractor to continue to perform and even to take over some of the contractor's duties. *Continental Casualty Co. v. Schaefer,* 173 F.2d 5, 8 (9th Cir.), *cert. denied,* 337 U.S. 940, 69 S.Ct. 1517, 93 L.Ed. 1745 (1949). The *Schaefer* court relied upon a Washington Supreme Court decision allowing recovery in *quantum meruit* to deprive a tortfeasor of its wrongful gains. *Olwell v. Nye & Nissen Co.,* 26 Wash.2d 282, 286–87, 173 P.2d 652, 654 (1946).

■■■ In the instant case the court did not find that Mountain States had acted tortiously. Nor did it find that Mountain States had intentionally induced DeBlasio to perform beyond the scope of the contract.[2] Instead the court found that DeBlasio had fulfilled some of its contractual obligations, thereby entitling it to the com-

1. In *F. D. Rich Co. v. United States ex rel. Industrial Lumber Co.,* 417 U.S. 116, 94 S.Ct. 2157, 40 L.Ed.2d 703 (1974), the Supreme Court wrote:

> The Miller Act provides a federal cause of action, and the scope of the remedy as well as the substance of the rights created thereby is a matter of federal not state law. Neither respondent nor the court below offers any evidence of congressional intent to incorporate state law to govern such an important element of Miller Act litigation as liability for attorneys' fees. . . . The reasonable expectations of such potential [Miller Act] litigants are better served by a rule of uniform national application.

*Id.* at 127, 94 S.Ct. at 2164. The Court then noted that resort to state law in that case would "judicially obviate the American Rule [of not awarding attorneys' fees] in the context of everyday commercial litigation . . . ." *Id.* at 130, 94 S.Ct. at 2166.

Although the Supreme Court found in *F. D. Rich* that resort to state law would conflict with federal policies toward awarding attorneys' fees, the Court has also held that when no such policy conflict exists, the federal courts

may look to state law in fashioning substantive federal rules. *See, e. g., .Textile Workers v. Lincoln Mills,* 353 U.S. 448, 457, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); *Royal Indemnity Co. v. United States,* 313 U.S. 289, 296–97, 61 S.Ct. 995, 85 L.Ed. 1361 (1941); *United States v. Best,* 573 F.2d 1095, 1102 (9th Cir. 1978). This is particularly appropriate where, as here, the applicable state law reflects general contract principles. *See* Restatement of Contracts § 346 (1932).

Footnotes in *United States ex rel. Union Building Materials Corp. v. Haas & Haynie Corp.,* 577 F.2d 568, 571–72 n.1 (9th Cir. 1978) and *United States ex rel. Building Rentals Corp. v. Western Cas. & Sur. Co.,* 498 F.2d 335, 338 n.4 (9th Cir. 1974), suggest that state law controls resolution of some Miller Act cases. As a practical matter, however, both cases followed the approach which we take here. *See* 577 F.2d at 572; 498 F.2d at 337–38.

2. One exception should be noted: Judge Wright found that DeBlasio had to install bar ditches not provided for in the contract. The court awarded DeBlasio the reasonable value of this performance.

pensation agreed upon by the parties. And given DeBlasio's share of some responsibility, though slight, for termination of the contract, it would be particularly unjust to allow DeBlasio to recover more than it had accepted in the contract.[3]

### B. Attorneys' Fees.

■ Although the subcontract between Mountain States and DeBlasio allowed reasonable attorneys' fees for the prevailing party in litigation, the court refused to award fees to DeBlasio. DeBlasio challenges this ruling.

The court acted within its discretion. In seeking attorneys' fees, DeBlasio asked the court to enforce part of the very contract for whose termination DeBlasio was partly· at fault. The court in its discretion could conclude that allowing attorneys' fees when both parties had acted improperly would be inequitable and unreasonable. *Cf.* 11 *Williston on Contracts* § 1418 at 656–59 (3rd ed. 1968).[4]

### C. Lost Profits.

DeBlasio contends that the trial judge committed error in refusing to admit certain evidence about lost profits. DeBlasio claims that the evidence would prove that Mountain States' termination hampered DeBlasio in obtaining bonds required for public work, causing a loss in public contracts.

■ Though lost profits may comprise an element of contract damages, the trial judge has discretion to refuse such damages and evidence thereon when the alleged loss cannot be proved adequately and remains speculative. *See Magna Weld Sales Co. v. Magna Alloys & Research Pty. Ltd.,* 545 F.2d 668, 672 (9th Cir. 1976) (applying

Washington law); 11 *Williston, supra* at § 1345. Such evidentiary rulings are particularly within the competence of the trial judge. *Magna Weld Sales Co.,* 545 F.2d at 672.

■ Particularly in view of the attenuated chain of causation alleged, the trial judge below did not abuse his discretion in rejecting the profferred testimony as too speculative. Fed.R.Evid. 403. Nor did he abuse his discretion in determining that the offered evidence was not even probative as to lost profits. Fed.R.Evid. 402. We cannot say that the trial judge erred.

### D. Prejudgment Interest.

The court did not award prejudgment interest to DeBlasio for monies owed on the contract. We agree with DeBlasio that such interest should have been awarded. We reverse and remand on this issue.

■ The Washington state courts have held that a successful plaintiff in a contract dispute is entitled to prejudgment interest for amounts found owing when that amount is objectively "determinable by computation with reference to a fixed standard contained in the contract, without reliance upon opinion or discretion." *Mall Tool Co. v. Far West Equipment Co.,* 45 Wash.2d 158, 176, 273 P.2d 652, 663 (1954) (emphasis omitted); *see Westinghouse Electric Corp. v. CX Processing Laboratories, Inc.,* 523 F.2d 668, 679 (9th Cir. 1975) (applying Washington law); *Vermette v. Andersen,* 16 Wash.App. 466, 472, 558 P.2d 258, 262–63 (1976). This is the general rule of contract law. Restatement of Contracts § 337(a), Comments e & g. Prejudgment interest has not been allowed when dam-

---

**3.** It should also be noted that Washington courts will not allow prejudgment interest when recovery is based upon *quantum meruit.* *Dravo Corp. v. L. W. Moses Co.,* 6 Wash.App. 74, 92, 492 P.2d 1058, 1070 (1971). As discussed *infra,* we allow DeBlasio to receive such interest only because quantum meruit was not employed. Were we to adopt the *quantum meruit* formula, we would have to reject the appeal for prejudgment interest.

**4.** Although acknowledging that the trial court has discretion in awarding attorneys' fees, DeBlasio also cites a Fifth Circuit opinion dealing with fees in a civil rights class action which suggests that the trial court should explain its decision about fees. *Mims v. Wilson,* 514 F.2d 106, 111 (5th Cir. 1975). The Fifth Circuit noted that a statement of reasons would facilitate appellate review of the amount of fees awarded. In the instant case, however, the basis for refusing fees is apparent.

ages could be determined only after a hearing on subjective questions like the reasonable value of services or the earning capacity and qualifications of a discharged employee. *Dravo Corp. v. L. W. Moses Co.,* 6 Wash. App. 74, 92, 492 P.2d 1058, 1070 (1971); *Lloyd v. American Can Co.,* 128 Wash. 298, 314–15, 222 P. 876, 882 (1924).

■ Here, the court calculated damages according to the rates provided in the subcontracts. Having rejected the *quantum meruit* measure of recovery, it did not have to make findings about reasonable value. Because the damages constituted a liquidated figure which could be computed objectively from the contract rates, prejudgment interest should have been awarded. Accordingly, we reverse and remand to the district court to award prejudgment interest.

### E.  Other Damages.

■ We can quickly dispose of DeBlasio's last three contentions regarding alleged errors in factfinding. First, DeBlasio argues that it should have been compensated for "cleanup" work it performed for Mountain States. The court did not find that the parties had entered into a contract regarding such work. And the court did not find the elements necessary for recovery in *quantum meruit.* Because DeBlasio has not shown that the court was clearly erroneous, there is no basis for awarding the requested compensation.[5]

DeBlasio next argues that it should have been awarded compensation for equipment which it allegedly left at the jobsite after its termination. Mountain States responds that DeBlasio did not leave any such equipment. The court made no finding that DeBlasio left the equipment. DeBlasio has not requested a remand for such a finding or shown that the court erred.

■ Finally, the parties entered into a separate written agreement that Mountain States would lease a Caterpillar loader to DeBlasio. DeBlasio's rental payments were to be applied to the purchase price; DeBlasio would obtain the loader at the completion of construction and payment of the balance of the purchase price. DeBlasio now asks that the loader agreement be enforced.

The court did not enforce the agreement because it found that "[a]mounts paid for rental never equaled the agreed purchase price and DeBlasio never offered to pay the balance of the purchase price and did not acquire title to the machine." Because DeBlasio has not shown that this finding was clearly erroneous, there is no basis for reversal.

### III.  Counterclaim

### A.  Subparagraph (k).

■ Subparagraph (k) of the subcontracts purported to give the contractor the

---

5. Even though Judge Wright, who concluded the case after Judge Powell's death, relied upon the written record, his conclusions of fact are subject to review under the "clearly erroneous" standard of Fed.R.Civ.P. 52. The parties' stipulation expressly provided that "the record may be filed in this cause and the judge to whom the matter shall be referred may decide all issues in the same manner as if he had heard the case initially."

Moreover, this court has held that the "clearly erroneous" standard applies to findings of fact even when the trial court relies solely on written evidence. In *Lundgren v. Freeman,* 307 F.2d 104, 115 (9th Cir. 1962), we applied the Rule 52 standard in reviewing a trial court's finding of mutual mistake based on written evidence. We held that the clearly erroneous standard should be applied to findings "based on the 'fact-finding tribunal's experience with

the mainsprings of human conduct.'" *Id.* We distinguished cases like *Stevenot v. Norberg,* 210 F.2d 615 (9th Cir. 1954), which had not applied the clearly erroneous standard, noting that many of those decisions "are explainable as applying the rule that courts of appeal need give no weight to a trial court's conclusions of law." *Lundgren,* 307 F.2d at 115. *See United States v. Hart,* 546 F.2d 798, 802 (9th Cir. 1976), *cert. denied,* 429 U.S. 1120, 97 S.Ct. 1155, 51 L.Ed.2d 571 (1977); *United States v. Ironworkers Local 86,* 443 F.2d 544, 548–49 (9th Cir.), *cert. denied,* 404 U.S. 984, 92 S.Ct. 447, 30 L.Ed.2d 367 (1971). *Cf. Stevenot,* 210 F.2d at 619.

Because we deal here with factual determinations based on written evidence (albeit by a judge different from the one who took the testimony), and not legal conclusions, the clearly erroneous standard should be applied.

right to take over the subcontractor's performance at the subcontractor's expense if the contractor became dissatisfied with the subcontractor's work. Mountain States contends that the trial court erred in not awarding it compensation for work allegedly performed pursuant to this provision.

Without fully analyzing the enforceability of this provision, it is sufficient to note that in its brief Mountain States acknowledges that the provision must be invoked in good faith. *See Goltra v. Weeks*, 271 U.S. 536, 548, 46 S.Ct. 613, 617, 70 L.Ed. 1074 (1926). The court found that Mountain States' termination of DeBlasio was "wholly arbitrary and unreasonable and afforded DeBlasio no reasonable opportunity to complete the work." Because the court thus found an absence of good faith, it acted properly in refusing to implement subparagraph (k).

Mountain States challenges this finding of arbitrariness by pointing to factors which could be interpreted as providing a basis for its termination. Mountain States also refers to its warnings to DeBlasio. But Mountain States' effort to reevaluate the evidence does not show that the court's finding of arbitrariness was clearly erroneous. There was thus no error in refusing compensation under subparagraph (k).

B. Calculation of Damages.

█ Mountain States also contends that the court erred in its calculation of damages. Mountain States first contends that the court's finding in paragraph 35 of its Findings of Fact and Conclusions of Law that $23,765.62 was due DeBlasio for work performed between May 25, 1973, and June 25, 1973, is too great. Mountain States claims that DeBlasio had agreed to pay Mountain States certain sums for work Mountain States performed for DeBlasio, which sums should be setoff against the total due DeBlasio. Mountain States, however, has not demonstrated that the court's

finding in paragraph 35 is clearly erroneous. We cannot now substitute Mountain States' factual contentions.

Mountain States also claims that the court improperly awarded $4,899.05 for work performed between June 25, 1973, and July 3, 1973. Mountain States contends that DeBlasio never performed the work. The court, however, specifically found in paragraph 35 that DeBlasio had accomplished the work. Because Mountain States has not shown the finding to be clearly erroneous, that finding must stand.

We note that a clerical error was made in calculating the award. Adding together the damages the court awarded, the total should be $66,892.95.[6] Upon remand the district court should enter judgment and calculate prejudgment interest according to this sum.

Affirmed in part; and Reversed and Remanded in part.

---

**6.** The damages awarded consisted of:

| | |
|---|---|
| Work performed 4–26 to 5–25 | $29,792.59 |
| Work performed 5–25 to 6–25 | 23,765.62 |
| Work performed 6–25 to 7–3 | 4,899.05 |
| Extra work performed | 3,822.09 |
| Retention less setoff | 1,773.60 |
| Bar ditches | 2,840.00 |
| | $66,892.95 |