**KAYSER ROTH COMPANY, Appellant,**

v.

**E. Michael HOLMES, d/b/a Soricelli Men's Wear, Respondent.**

**No. WD 36213.**

Missouri Court of Appeals, Western District.

July 2, 1985.

Ronald S. Weiss, John W. Zimmerman, Kansas City, for appellant.

R. Britt Carlson, Kansas City, for respondent.

Before BERREY, P.J., and DIXON and KENNEDY, JJ.

KENNEDY, Judge.

Plaintiff Kayser Roth Corporation is and was at all relevant times a corporation of some state other than Missouri, engaged in the business of clothing manufacture. It had not obtained a certificate of authority to transact business in Missouri pursuant to the requirements of § 351.570.1, RSMo 1978. It brought suit against defendant Don A. Melching upon Melching's personal guaranty of payment for clothing furnished by Kayser Roth to one E. Michael Holmes, d/b/a Soricelli Men's Wear. The amount of the account was $22,248.

At the conclusion of the plaintiff's evidence, the trial court directed a verdict in favor of defendant Don Melching and against Kayser Roth on the basis of plaintiff's failure to have obtained the above-mentioned certificate of authority. Section 351.635, RSMo 1978, provides that failure to comply with the provisions of Subsection 1 of Section 351.570 disqualifies a foreign corporation from maintaining any action in any of the courts of this state. Kayser Roth appeals from the ensuing judgment. Judgment reversed.

We hold that Kayser Roth was not required to have a certificate of authority under § 351.570 on account of the following provision of that statute:

2. Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state *any* one or more of the following activities: (9).... *Trans-*

*acting any business in interstate commerce.* (Emphasis supplied.)

Kayser Roth's business out of which this action grew was clearly business transacted in interstate commerce and it was not disqualified from bringing an action in the Circuit Court of Jackson County to collect the amount alleged to be owing to it by defendant Melching.

The facts of the case are as follows:

Kayser Roth manufactures clothing. It is composed of a number of divisions, including Champion Slacks, Mavest Sport Coats and Lewis Goldsmith Suits. These divisions are located in Pennsylvania and are represented in Missouri by manufacturer's representatives who solicit orders for each of the divisions' product lines. Among their Missouri customers was a men's clothing store owned and operated by defendant Michael Holmes under the name of Soricelli Men's Wear (Soricelli). Soricelli continued to buy merchandise from Kayser Roth from the time of its opening in late 1974 until its closing in 1978. At the time of its closing Soricelli owed Lewis Goldsmith $19,019.90, Mavest $2,000, and Champion Slacks $1,228.10.

Before the opening of Soricelli in 1974, Kayser Roth had required as a condition to extending credit that Holmes furnish a guarantor of his account. Both Holmes and Melching executed personal guarantees for each of the three divisions, on forms furnished by the Kayser Roth credit manager, and returned them to the various Kayser Roth divisions along with their respective financial statements.

The suit against defendant Melching is upon this guarantee of the Soricelli accounts with Champion Slacks, Mavest Sport Coats and Lewis Goldsmith Suits.

The operation of Kayser Roth through its three divisions is thus described in the appellant's statement of facts, which we find to be an accurate recital of the evidence contained in the transcript:

Kayser Roth is not authorized to do business in the State of Missouri, has no office, warehouse or distribution center in Missouri, and has no employees in Missouri. Kayser Roth pays a commission to manufacturer's representatives who work in Missouri and solicit orders for the Kayser Roth product lines. The representatives also carry clothing lines of other companies.

Two representatives are identified with the transactions in the instant case—Bill Pollard represents Mavest and Champion and works out of his home in Kansas City, Missouri, and the other, who was unnamed in the testimony at trial, represents Lewis Goldsmith and lives outside of Missouri.

Each of the representatives has solicited clothing orders for Kayser Roth for a number of years in the State of Missouri. Holmes testified that the representatives' work was concentrated in the greater Kansas City area.

The representatives carry order forms, price books and swatches of material which bear the name of the respective divisions of Kayser Roth. When an order is placed, it is submitted to the customer service department of the respective division by the representative. Next, the order is sent to the credit department of Kayser Roth for approval. Finally, if the order is approved, it is returned to the customer service department for pulling and shipment.

All merchandise is shipped from the divisions directly to the customer in Missouri; no clothing is delivered to Missouri representatives for later shipment to the customer. Billings are sent by the credit offices directly to the customer, payments are sent by the customer directly to the credit office, and any credit problems are handled through the credit offices. If a problem with any shipment arises, the customer alerts the representatives, who in turn refer the matter to someone within the responsible division.

All orders submitted to the Kayser Roth divisions must be approved by the credit department before they can be shipped. The credit department checks all orders to insure that the dollar amount of the order is within the custom-

er's credit limit. If the order is cleared, it is then submitted to customer service as an approved order from the credit department. Customer service then forwards the order to the shipping department for delivery.

The foregoing method of operation unmistakably brands the Kayser Roth business with Soricelli as the transaction of business in interstate commerce. The case is ruled by *Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482 (Mo.1955). In that case the court said:

> The solicitation of orders for goods within a state by a foreign corporation through a resident broker or commission merchant who maintains a local office at his own expense, and the shipment of goods by the foreign corporation ... directly to the purchasers pursuant to such orders, constitute business in interstate commerce, and does not constitute doing business within the state so as to subject the foreign corporation to local statutes prescribing conditions for doing business within the state.

284 S.W.2d at 486. To similar effect *see Central Woodwork, Inc. v. Steele Supply Co.*, 358 S.W.2d 447, 450 (Mo.App.1962); *Republic Steel Corp. v. Atlas Housewrecking & Lumber Corp.*, 232 Mo.App. 791, 113 S.W.2d 155 (1938).

Melching points us to testimony of Kayser Roth's continuous dealings with Soricelli during the four-year period, including repeated orders for clothing, return of defective merchandise, and the like. Melching claims that this testimony brings the case within the rule of *Whalen Construction & Equipment Co. v. Grandview Bank & Trust Co.*, 578 S.W.2d 69 (Mo.App. 1979), and *Western Outdoor Advertising Co. v. Berbiglia, Inc.*, 263 S.W.2d 205 (Mo. App.1953), in both of which cases the business in question was held to be intrastate rather than interstate. Those two cases involve factual situations which are not even remotely similar to the situation in the present case and furnish no support for defendant's position.

Melching says further that Kayser Roth's corporate status was not proved. That issue, however, was not raised by Melching by "specific negative averment", as required by Rule 55.13. Melching's answer denied in general terms the averments of paragraph 1 of plaintiff's petition, which included among other allegations the allegation of Kayser Roth's corporate status. This was not sufficient to raise the issue. *Executive Jet Management & Pilot Service, Inc. v. Scott*, 629 S.W.2d 598, 611 (Mo.App.1981); *Want v. Leve*, 574 S.W.2d 700, 711 (Mo.App.1978); *Hartford Accident & Indemnity Co. v. J & S Sewer Construction Co.*, 556 S.W.2d 206, 207 (Mo.App.1977).

The judgment is reversed and the cause remanded for a new trial.

All concur.