The CAMPAIGN WORKS,
LTD., Appellant,

v.

Doug HUGHES, d/b/a Doug Hughes for Congress, and Greg E. Wever, Treasurer, and Doug Hughes for Congress Committee, an Unincorporated Association, Respondents.

No. WD 41685.

Missouri Court of Appeals,
Western District.

Sept. 26, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 31, 1989.

Kenneth W. Morgens, Frankum and Scoville, P.C., Kansas City, for appellant.

Mark A. Hubbard, Farley and Hubbard, Platte City, for respondents.

Before CLARK, P.J., and
LOWENSTEIN and BERREY, JJ.

CLARK, Presiding Judge.

The Campaign Works, Ltd., a Florida corporation, sued respondents on an unpaid account for services. On motion of respondents, the trial court dismissed the case without prejudice for the reason that appellant, as a foreign corporation, had not procured a certificate of authority to do business in Missouri and it was therefore barred from maintaining a suit in Missouri courts.

The issue in the case is whether appellant did conduct business in Missouri requiring it to register as a foreign corporation or whether its activities fell within the interstate commerce exception to that requirement. Appellant contends the latter arguing that the court erred when it dismissed the case.

The applicable facts appear in plaintiff's petition and an affidavit by Daryl Glenney, president and, according to appellant's brief, the only employee of The Campaign Works, Ltd. Appellant operates as a consultant to political candidates and to affiliated organizations. On January 18, 1988, appellant entered into a contract with respondents, the object of which was to render services in aid of a campaign by Doug Hughes seeking election to the United States Congress. The agreement was terminated on May 1, 1988 by joint action of the parties. According to appellant, the corporation was owed at the time $8,706.86 for services already rendered. A failure by respondents to pay this balance was the cause of the suit.

The Campaign Works maintains offices in Florida and Washington, D.C., but it has no office and no employees in Missouri. The subject agreement for services was arranged by telephone calls between appellant in Florida or Washington and respondents in Missouri. The documentation was concluded by mail between those points. Services to be rendered under the agreement included consultations with Hughes and his campaign workers in Missouri, research on the record and issues appropriate

to Hughes' opponent, supervision of electoral targeting and strategy, campaign theme, scheduling and fund raising. Some research and report preparation was done by appellant in Florida and Washington and consultation services were performed in Missouri.

The relevant statutes, to the extent they apply to this case, are as follows (All RSMo 1986):

Sec 351.570.1—No foreign corporation shall have the right to transact business in this state including business on any federal or state owned property in this state until it shall have procured a certificate of authority to do so from the secretary of state. * * *

Sec 351.570.2—Without excluding other activities which may not constitute transacting business in this state, a foreign corporation shall not be considered to be transacting business in this state, for purposes of this chapter, by reason of carrying on in this state any one or more of the following activities:

*   *   *   *   *   *

(9) Transacting any business in interstate commerce * * *.

Sec 351.635—Every foreign corporation now doing business in or which may hereafter do business in this state which shall neglect or fail to comply with the provisions of subsection 1 of section 351.-570 shall be subject to a fine, * * * in addition to which penalty, no foreign corporation, failing to comply with this chapter, can maintain any suit or action, either legal or equitable, in any of the courts of this state, upon any demand, whether arising out of the contract or tort, while the requirements of this chapter have not been complied with.

Appellant contends that its contract with respondents amounted to interstate commerce. This follows, it argues, because the contract was negotiated by appellant from its offices outside Missouri, its product, consisting of services, was shipped into Missouri and appellant at no time maintained any office or employees in Missouri. Principal reliance is placed on the decision in *Kayser Roth Company v. Holmes*, 693

S.W.2d 907 (Mo.App.1985), in which the court found that Kayser Roth was not barred from suing on an account as a non-registered foreign corporation because its business was conducted in Missouri under the interstate commerce exception.

In *Kayser Roth*, the plaintiff was a manufacturer of apparel whose facilities were located in Pennsylvania. It procured sales of its goods to retail clothing stores by use of manufacturers representatives who solicited orders on behalf of Kayser Roth and other manufacturers. Orders were subject to approval when submitted to the company in Pennsylvania from which location the goods were shipped to the customer. Kayser Roth had no employees or offices in Missouri. The account in question arose out of shipments to a retail clothing store in Missouri.

The court in *Kayser Roth* relied on the case of *Superior Concrete Accessories v. Kemper*, 284 S.W.2d 482 (Mo.1955), which held that a foreign corporation was not subject to registration requirements in Missouri if its business consisted of the solicitation of orders for goods by a resident broker or commission merchant who maintains a local office at his own expense and the orders result in shipment of goods from out-of-state directly to Missouri customers.

The distinctions between *Kayser Roth* and *Superior Concrete* and the subject case are manifest. Unlike those cases, the Campaign Works employed no resident broker or commission merchant to solicit orders and, most significantly, appellant did not limit its activity to shipments made from out-of-state to Missouri customers. Appellant's own affidavit showed that the president and sole employee of appellant came into Missouri to provide the personal consultation and advice on campaign matters which the subject contract required. Under the express terms of the contract, services by the consultant were to be rendered in Missouri and in fact, expenses billed in the account included travel to Missouri by appellant's representative.

The controlling principle under these facts is found in *Chase Manhattan Bank v. George–Pontiac–Olds–GMC*, 662 S.W.2d

312 (Mo.App.1983). There, Chase Manhattan's assignor, Scotti Commercial, supplied a pipe bending machine to George and also agreed to render services including sales promotion, management counseling and training and instruction on use of the machine. Scotti was a foreign corporation not registered in Missouri. After the machine had been delivered, Scotti did send a representative to George to give instruction on use of the machine. A dispute arose over the other services Scotti was to provide, George ceased making payments on the machine and Chase Manhattan as assignee of the machine lease sued George. One of the issues was whether Scotti was doing business in Missouri. The court held that the services Scotti agreed to provide and did provide after the machine was delivered constituted doing business in the state so as to require registration of the foreign corporation.

In the present case, if appellant had merely given reports and the product of campaign research to respondents from appellant's offices in Florida and Washington, an arguable case of interstate commerce could have been made. Once appellant sent its representative to Missouri, as it did at least twice, to consult with and give advice to Hughes regarding his campaign, however, it was doing business in the state and was required to register as a foreign corporation.

It is noted parenthetically that affirmance of the judgment in this case does not constitute a finding that the subject contract is void or that respondent is entitled to a verdict on the merits of the suit. Failure by appellant to register in Missouri as a foreign corporation merely renders the contract unenforceable in Missouri courts until appellant does register. *Chase Manhattan Bank,* 662 S.W.2d at 315.

The judgment dismissing the suit without prejudice is affirmed.

All concur.